Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>RONALD JONES,<br><br>　　　　　　Defendant. | Case No. 3:06-cr-0037-JDR<br><br>MEMORANDUM IN SUPPORT OF OBJECTION TO URINALYSIS TESTING |

　　　　Defendant, Ronald Jones, by and through counsel Michael Dieni, Assistant Federal Defender, submits the following memorandum in support of his objection to urinalysis testing.

　　　　*1.　　Procedural Background*

　　　　On May 23, 2006, Mr. Jones appeared in court on time in response to a summons for the sole misdemeanor count of simple possession of marijuana. 18 U.S.C. § 844. The charge alleges that two months ago, March 23, 2006, Mr. Jones possessed marijuana at or near Elmendorf AFB.

During the arraignment, Mr. Jones requested counsel and pleaded not guilty. The government non-opposed Mr. Jones' release on bail and the court set bail at $5,000 unsecured appearance bond.

As the proceedings were ending, a representative of pretrial services suggested that the court require urinalysis testing for the presence of controlled substances. No evidence was submitted suggesting that Mr. Jones was currently under the influence or had used marijuana recently.

Over Mr. Jones objection, the court ordered that Mr. Jones be required to submit to one test within seven days. The court also agreed to allow Mr. Jones to brief his objection, and stayed the drug testing order pending briefing.

2. Law and Argument

The seizure of bodily fluids from a person by the government implicates the Fourth Amendment. The Supreme Court has declared that compelled urinalysis constitutes a search or seizure within the meaning of the Fourth Amendment. *Skinner v. Railway Labor Executives Ass'n*, 489 U.S. 602, 617, 109 S. Ct. 1402, 1413, 103 L. Ed. 2d 639 (1989) (stating that urinalyses "must be deemed searches under the Fourth Amendment").

Recently, the Ninth Circuit has declared that the Fourth Amendment applies to bail release conditions and that the court setting bail cannot simply order urinalysis testing as a condition of bail release without following Fourth Amendment requirements. *United States v. Scott*, 424 F.3d 888 (9th Cir. 2005). The holding of the *Scott* decision, set forth in the preamble, is crystal clear on the point:

> . . . warrantless searches, *including drug testing, imposed as a condition of pretrial release,* required a showing of probable cause, despite defendant's pre-release consent.

The court in *Scott* analyzed underlying facts similar to the present case. In *Scott*, the accused was facing a charge for possession of a controlled substance. The trial court ordered drug testing as a condition of release. On review, the Ninth Circuit accepted the government's well-founded concession that these facts alone could not constitute probable cause to order drug testing of the pretrial releasee. Further, more importantly, the court concluded that bail release was not a "special needs" situation that relieved the government of the probable cause requirement of the Fourth Amendment as a prerequisite for a search, such as the urinalysis testing ordered in the *Scott* case.

The court's decision in *Scott* is the law of the Ninth Circuit. Although there is a pending, as yet unruled upon, petition for *en banc* review, the panel decision has not been vacated or stayed. Until there is further direction from the Ninth Circuit, *Scott* stands as binding law.

### 3. Conclusion

There is nothing in the record of this case warranting a finding of probable cause to search Mr. Jones' body for evidence of crime. The charge itself, a misdemeanor, is now more than two months old. The government did not request the condition until prompted by pretrial services. Mr. Jones appeared in court on time. Bail has been set, and there is no basis in the record to conclude that he will not appear at the appointed time and place for his next court appearance.

DATED this 26th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on May 26, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Peter S. Kezar, Esq.

/s/ Michael D. Dieni